**Superior Court of the District of Columbia**
CIVIL DIVISION
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Steven Lenkart
_____
Plaintiff
vs.

Cyber Team Six, LLC
_____
Defendant

Case Number  2022-CAB-005428

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

John T. Harrington
_____
Name of Plaintiff's Attorney

1717 K Street NW Ste. 1110
_____
Address
Washington, DC 20006

(202) 261-2830
_____
Telephone

Clerk of the Court

By _____

Date  November 29, 2022

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

**IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._**

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                                     Super. Ct. Civ. R. 4

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

STEVEN LENKART,
710 West Abingdon Court
Alexandria, VA 22314,

    *Plaintiff,*

v.

CYBER TEAM SIX, LLC,
227 W 4th Street, Ste. 325
Charlotte, NC 28202,

    Serve registered agent:

    Corporation Service Company
    251 Little Falls Drive
    Wilmington, DE 19808

    *Defendant.*

Civil Action No.: 2022-CAB-005428

JURY TRIAL DEMANDED

## COMPLAINT FOR EQUITABLE AND MONETARY RELIEF AND DEMAND FOR JURY TRIAL

Plaintiff Steven Lenkart, by and through counsel, brings this action against Defendant Cyber Team Six, LLC (CT6) for claims under the D.C. Wage Payment and Collection Act, D.C. Code § 32-1301 *et. seq.* (WPCA), and for breach of the implied covenant of good faith and fair dealing.

### JURISDICTION AND VENUE

1. This Court has personal jurisdiction over the claims presented because CT6 transacts regular business in the District of Columbia.

2. This Court has subject matter jurisdiction over the claims in this complaint pursuant to the WPCA.

1

3. Venue is proper because it is the judicial district where a substantial part of the unlawful employment practices is alleged to have been committed.

## PARTIES

4. Lenkart is a resident of Alexandria, Virginia, and was employed by CT6 from in or about March of 2021 to on or about August 23, 2022.

5. Cyber Team Six, LLC is a Delaware limited liability corporation with its principal place of business in Charlotte, North Carolina.

## FACTUAL ALLEGATIONS

6. CT6 hired Lenkart as a part-time contractor in or about February 2020. John Lenkart is Lenkart's brother and is CT6's chief strategy officer (CSO). John Lenkart recruited Lenkart for employment with CT6.

7. CT6 paid Lenkart about $4,000 for his work as a contractor in 2020, and CT6 hired Lenkart as its chief operating officer (COO) in or about March 2021.

8. Lenkart's new position as COO for CT6 was full-time but also allowed Lenkart to continue other self-employment elsewhere, which Lenkart opted to do because CT6 entered into a contract to defer payment to Lenkart for his work on its behalf.

9. Specifically, CT6 agreed to provide Lenkart equity in the LLC in exchange for his work on its behalf, and the equity represented 6% of the value of CT6 and vest in 2% increments as per the compensation agreement (Agreement) entered into by CT6 and Lenkart on March 12, 2021.

10. The Agreement includes a choice of law provision selecting the laws of the State of Delaware for all disputes related to the Agreement.

11. CT6 hired Brittany Holder in July 2021 as its part-time chief communications

2

officer ("CCO"), and Lenkart supervised Holder. Holder's compensation was $1,000 per month.

12. Holder is African American and was the only African American who worked at CT6.

13. Lenkart was in charge of payroll operations, but he required authorization from CT6's chief executive officer (CEO), Patrick Westerhaus, to make certain payments.

14. Lenkart asked Westerhaus each month to authorize payment of Holder's wages, but Westerhaus never agreed to authorize any payments to Holder even though he authorized payments to members of CT6 board, which consisted of Westerhaus, John Lenkart, and Jason Britt, CT6's chief technology officer (CTO).

15. In or about December 2021, Lenkart paid Holder $1,000 out of his own pocket for her work, but CT6 never reimbursed Lenkart for paying Holder's compensation.

16. In or around May 2022 Westerhaus told Lenkart that he wanted to Lenkart to fire Holder, and Lenkart responded by telling Westerhaus "CT6 still owes her a ton of money and she hasn't complained."

17. Nevertheless, Lenkart informed Holder that CT6 was terminating her employment, and CT6 never paid Holder.

18. On or about June 3, 2022, Westerhaus asked Lenkart give up his equity in CT6 in exchange for running a spinoff firm. Westerhaus offered Lenkart a nonequity-based percentage of income of sales from this second firm. However, Lenkart declined the offer.

19. On or about July 12, 2022, Westerhaus complained about Britt's performance and said, "It bothers me [that Jason] has so much [equity], but there's nothing I can do about it now."

20. Westerhaus then presented Lenkart with a letter that unilaterally gave Lenkart a three-day deadline to decide between losing his equity and position with CT6 or quitting his

3

other work and working only for CT6 without a salary and a significantly reduced equity vesting arrangement.

21. Westerhaus subsequently attempted to justify the attempt at rescission of the CT6 equity by claiming that "the investors are asking for this because they believe only those with 'revenue-generating' positions should have equity with the firm."

22. Lenkart asked Westerhaus who the investors were who had said this, and Westerhaus admitted that he had been lying, that he, not any fictional investors, had decided to target Lenkart.

23. Thereafter CT6 terminated Lenkart's employment on or about August 23, 2022. As part of the termination and mandatory buy-back provision of the Agreement, CT6 bought back Lenkart's equity for $0.00.

24. CT6 hired Lenkart in or about March 2021 and terminated him in or about August 2022 and did not pay him at all for his work.

25. Because of CT6's actions, Lenkart has suffered and is continuing to suffer injuries, including, but not limited to, lost equity, damage to his career, damage to his professional and personal reputation, humiliation, emotional distress, loss of enjoyment of life, and pain and suffering.

## COUNT I
### Retaliation
### D.C. Wage Payment and Collection Act
### D.C. Code § 32-1301 *et seq.*

26. Plaintiff adopts and incorporates by reference the averments of the proceeding paragraphs as if fully set forth herein.

27. Plaintiff is an employee under the WPCA.

28. CT6 is an employer under the WPCA.

4

29. The WPCA mandates that:

> It shall be unlawful for any employer to discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee or person because that employee or person has...made or is believed to have made a complaint to his or her employer...has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter ... or any regulation promulgated pursuant to this chapter...

D.C. Code § 32-1311(a).

30. The complaint to the employer described above does not need to specifically refer to the WPCA and is presumed to be retaliation if the complaint and the adverse actions are within 90 days of each other. D.C. Code § 32-1311(b).

31. CT6 retaliated against Lenkart for reporting to CT6 that it was not paying Holder despite its having a legal obligation and the funds necessary to do it.

32. Lenkart repeatedly reported to CT6, through Westerhaus, that CT6 was refusing to pay Holder for her work and that CT6 owed her for her work.

33. Lenkart also reported to Westerhaus its wage nonpayment in May 2022 when Westerhaus informed him that he intended to have CT6 terminate Holder's employment.

34. CT6 acted adversely against Lenkart when, through Westerhaus it gave Lenkart an ultimatum on July 12, 2022, forcing him to choose between his equity and position or his only paid work. CT6 also retaliated against Lenkart when it fired him on August 23, 2022.

35. CT6 terminated Lenkart's employment and stripped him of his equity because of his protected activity because, not only did CT6's firing of Lenkart come relatively soon after Lenkart's most recent protected activity, but also because CT6's July 12, 2022, ultimatum to Lenkart occurred within or close to 90 days after Lenkart's most recent protected activity.

36. As a result of Defendant's unlawful actions, Plaintiff has suffered and is continuing to suffer injuries, including, but not limited to, lost income, lost equity, damage to his

5

career, damage to his professional and personal reputation, humiliation, emotional distress, loss of enjoyment of life, and pain and suffering.

## COUNT II
## Breach of Implied Duty of Good Faith and Fair Dealing
## Delaware Common Law

37. Plaintiff adopts and incorporates by reference the averments of the preceding paragraphs as if fully set forth herein.

38. The Agreement includes a choice of law provision selecting the laws of the State of Delaware for all disputes related to the Agreement.

39. Delaware courts have "recognized the occasional necessity of implying contract terms to ensure the parties' reasonable expectations are fulfilled." *Dunlap v. State Farm Fire & Cas. Co.*, 878 A.2d 434, 442 (Del.2005) (citations and internal quotations omitted).

40. To state a claim for breach of the implied covenant of good faith and fair dealing, a party "must allege (i) a specific implied contractual obligation, (ii) a breach of that obligation by the defendant, and (iii) resulting damage to the plaintiff." *Kelly v. Blum*, 2010 WL 629850, at *13 (Del.Ch. Feb. 24, 2010).

41. The Agreement implies a contractual obligation on CT6's part to provide compensation for Lenkart's work.

42. Defendant breached the implied obligation when it hired Lenkart with a promise to compensate him with equity and terminated him in order to repurchase the equity for $0.00 before it could accrue any value, thus having Lenkart work for no compensation from March 2021 until August 2022.

43. As a result of Defendant's unlawful actions, Plaintiff has suffered and is continuing to suffer injuries, including, but not limited to, lost equity and/or the fair market value

of Plaintiff's labor.

## PRAYER FOR RELIEF

Based on the foregoing, Lenkart respectfully requests that he be awarded the following relief from Defendant:

a. Return of the equity that Plaintiff is entitled to under the Agreement;

b. Economic damages for lost compensation and damages to Lenkart's career;

c. Compensatory damages, including but not limited to pain and suffering, emotional distress, and reputational damage;

d. Punitive damages;

e. Reasonable costs and experts' and attorneys' fees; and

f. Any other such relief that the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Lenkart requests a trial by jury for any and all issues proper to be so tried.

Respectfully Submitted,

*/s/ John T. Harrington*
R. Scott Oswald
John T. Harrington
The Employment Law Group, P.C.
1717 K St NW, STE 1110
Washington, D.C. 20006
(202) 261-2838
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
tharrington@employmentlawgroup.com
*Counsel for Plaintiff*

7



# Superior Court of the District of Columbia
## Civil - Civil Division
**500 Indiana Ave NW, Room 5000, Washington DC 20001**
**(202) 879-1120 | www.dccourts.gov**

**Case Number:** 2022-CAB-005428

**Case Caption:** Steven Lenkart v. Cyber Team Six, LLC

## INITIAL ORDER

| Initial Hearing Date: | Initial Hearing Time: | Courtroom Location: |
|---|---|---|
| 02/17/2023 | 9:30 AM | Remote Courtroom 212 |
| **Please see attached instructions for remote participation.** | | |
| Your case is assigned to Associate Judge Yvonne Williams. | | |

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:

1) This case is assigned to the judge and calendar designated below. All future filings in this case shall bear the calendar number and judge's name along with the case number in the caption.

2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of the summons, the complaint, and this Initial Order. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4(m).

3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

4) At the time stated below, all counsel and unrepresented parties shall participate in a hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients before the hearing whether the clients are agreeable to binding or non-binding arbitration. This order is the only notice that parties and counsel will receive concerning this hearing.

5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference once, with the consent of all parties, to either of the two succeeding days when the calendar is called. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date. No other continuance will be granted except upon motion for good cause shown.

6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Anita M. Josey-Herring

## To Join by Computer, Tablet, or Smartphone:

1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb212

   Meeting ID: 129 440 9070

2) When you are ready, click "Join Meeting".
3) You will be placed in the lobby until the courtroom clerk gives you access to the hearing.

## Or to Join by Phone:

1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
2) Enter the Webex Meeting ID listed above followed by "##"

## Resources and Contact Information:

1) For best practices on how to participate in Webex Meetings, click here https://www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.

For case questions, call the Civil Division Clerk's Office at (202) 879-1120.

## ACCESSIBILITY AND LANGUAGE ACCESS

### Persons with Disabilities:

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call 202-879-1700 or email ADACoordinator@dcsc.gov . The D.C. Courts does not provide transportation service.

### Interpreting and Translation Services:

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office listed for your case. For more information, visit https://www.dccourts.gov/language-access.

### Servicios de interpretación y traducción:

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría de su caso.

Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

### የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች፡

የዲ.ሲ ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎሙላቸው መጠየቅ ይችላሉ። የቃል ወይም የጽሑፍ ትርጓሜ ለመጠየቅ እባክዎን በመዝገብዎ የተዘረዘረውን የጸሀፊ ቢሮ (ክላርክ'ስ ኦፊስ) ያነግሩ። ለተጨማሪ መረጃ https://www.dccourts.gov/language-access ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

# Tips for Attending Remote Hearings - Civil Division

*Courtrooms are closed because of the COVID-19 or coronavirus pandemic. Your court hearing may be held remotely. This means that you will participate by phone or by video conference instead of coming to the courthouse. Here are some tips on how to prepare.*

## How do I know if I have a remote hearing?

The Court will contact you to tell you that your hearing is remote. They may contact you by sending you an email, letter in the mail, or by calling you.

## How do I take part in a remote hearing?

The Court will give you step-by-step instructions on how to take part in the remote hearing.

If you lose your written notice, call the Civil Actions Clerk's Office for instructions at:

 202-879-1133

## Is there anything that I should do before the day of the hearing?

- Let the court know immediately if you cannot join a hearing because you do not have a phone or computer.

   Civil Actions Clerk's Office: 202-879-1133

- You may want to contact an attorney for legal help.
- You can also find the list of legal services providers at dccourts.gov/coronavirus by clicking on the link that says, "List of Legal Service Providers for Those Without an Attorney."
- Evidence: if you want the judge to review photos or documents, ask the judge how to submit your evidence.
- Witnesses: tell the judge if you want a witness to testify at your hearing.
- Accommodations & Language Access: let the court know if you need an interpreter or other accommodation for your hearing.

## Tips for the Hearing 

- Join the hearing a few minutes early!
- Charge your computer or phone and make sure you have enough minutes to join the call. Find a private and quiet space. If possible, be alone in a room during the hearing. Try to limit distractions as much as possible. If others are in the room with you, ask if they can be quiet during the hearing.
- Mute your microphone when you are not talking. Mute all sounds on your phone or computer.
- Say your name before you speak so the record is clear. Be prepared to identify your role in the hearing (e.g., observer, plaintiff, defendant, witness, etc.).
- Speak slowly and clearly so everyone hears what you are saying.
- Pause before speaking in case there is a lag. Use a headset or headphones if you can. This will free up your hands and sound better.
- Try not to talk over anyone else. Only one person can speak at a time. If you talk while someone else is talking, the judge will not be able to hear you.
- Have all your documents for the hearing in front of you. Have a pen and paper to take notes.
- If you are not ready for your hearing or want to speak with an attorney, you can ask the judge to postpone your hearing for another date.
- If your sound or video freezes during the hearing, use the chat feature or call the Clerk's Office to let them know that you are having technical issues.

## Special Tips for Video Hearings (Click here for more information) 

- Download the court's hearing software, WebEx, in advance and do a test run! The Court will provide you with a WebEx link in advance of the hearing.
- Set up the camera at eye level. If you are using your phone, prop it up so you can look at it without holding it.
- Look at the camera when you speak and avoid moving around on the video.
- Wear what you would normally wear to court.
- Sit in a well-lit room with no bright lights behind you.
- If possible, find a blank wall to sit in front of. Remember the judge will be able to see everything on your screen, so pick a location that is not distracting.

 

# District of Columbia Courts
# Tips for Using DC Courts Remote

The DC Courts have **remote hearing sites** available in various locations in the community to help persons who may not have computer devices or internet service at home to participate in scheduled remote hearings. The Courts are committed to enhancing access to justice for all.

There are six remote access sites throughout the community which will operate: **Monday – Friday, 8:30 am – 4:00 pm.**

**The remote site locations are:**

| | |
|---|---|
| **Remote Site - 1**<br>Balance and Restorative Justice Center<br>1215 South Capitol Street, SW<br>Washington, DC 20003 | **Remote Site - 4**<br>Balance and Restorative Justice Center<br>920 Rhode Island Avenue, NE<br>Washington, DC 20018 |
| **Remote Site - 2**<br>Balance and Restorative Justice Center<br>1110 V Street, SE<br>Washington, DC 20020 | **Remote Site - 5**<br>Reeves Center<br>2000 14th Street, NW, 2nd Floor<br>Community Room<br>Washington, DC 20009 |
| **Remote Site - 3**<br>Balance and Restorative Justice Center<br>118 Q Street, NE<br>Washington, DC 20002 | **Remote Site - 6**<br>Reeves Center<br>2000 14th Street, NW, Suite 300N<br>Office of the Tenant Advocate<br>Washington, DC 20009<br>*** *No walk-ins at this location* *** |



If you want to use a remote site location for your hearing, call **202-879-1900** or email DCCourtsRemoteSites@dcsc.gov **at least 24 hours before your hearing to reserve a remote access computer station**. If you require special accommodations such as an interpreter for your hearing, please call **202-879-1900 at least 24 hours in advance of your hearing so the Courts can make arrangements.**

*****You should bring the following items when you come to your scheduled site location*****

1. Your **case number** and any **hyperlinks** provided by the Courts for your scheduled hearing.
2. Any documents you need for the hearing (evidence), including exhibits, receipts, photos, contracts, etc.
3. Materials for notetaking, including pen and paper.
4. A facial covering will be required for entry into the remote hearing location; if you do not have a facial covering one will be provided.

*****Safety and security measures are in place at the remote sites.**

**Contact information to schedule your remote access computer station:**
Call: **202-879-1900**
Email: DCCourtsRemoteSites@dcsc.gov



# Consejos para usar los sitios de audiencia remota de los Tribunales de DC

Los Tribunales de DC disponen de **sitios de audiencia remota** en distintos centros de la comunidad para ayudar a que las personas que no tienen dispositivos informáticos o servicio de Internet en su casa puedan participar en audiencias remotas programadas. Los Tribunales honran el compromiso de mejorar el acceso de toda la población a la justicia.

En toda la comunidad hay seis sitios de acceso remoto que funcionarán de **lunes a viernes, de 8:30 am a 4:00 pm**.

**Los centros de acceso remoto son:**



| **Sitio Remoto - 1**<br>Balance and Restorative Justice Center<br>1215 South Capitol Street, SW<br>Washington, DC 20003 | **Sitio Remoto - 4**<br>Balance and Restorative Justice Center<br>920 Rhode Island Avenue, NE<br>Washington, DC 20018 |
|---|---|
| **Sitio Remoto - 2**<br>Balance and Restorative Justice Center<br>1110 V Street, SE<br>Washington, DC 20020 | **Sitio Remoto - 5**<br>Reeves Center<br>2000 14th Street, NW, 2nd Floor<br>Community Room<br>Washington, DC 20009 |
| **Sitio Remoto - 3**<br>Balance and Restorative Justice Center<br>118 Q Street, NE<br>Washington, DC 20002 | **Sitio Remoto - 6**<br>Reeves Center<br>2000 14th Street, NW, Suite 300N<br>Office of the Tenant Advocate<br>Washington, DC 20009<br>*No se puede entrar sin cita previa* |

Si desea usar un sitio remoto para su audiencia, llame al **202-879-1900** o envíe un mensaje de correo electrónico a DCCourtsRemoteSites@dcsc.gov **al menos 24 horas antes de la audiencia, para reservar una estación de computadora de acceso remoto.** Si necesita adaptaciones especiales, como un intérprete para la audiencia, llame al **202-879-1900 al menos 24 horas antes de la audiencia para que los Tribunales puedan hacer los arreglos necesarios.**

**\*Cuando concurra al sitio programado debe llevar los siguientes artículos\***

1. Su **número de caso** y todos los **hipervínculos** que le hayan proporcionado los Tribunales para la audiencia programada.
2. Cualquier documento que necesite para la audiencia (prueba), incluidos documentos probatorios, recibos, fotos, contratos, etc.
3. Materiales para tomar nota, como papel y lápiz.
4. Para ingresar al sitio de la audiencia remota deberá llevar una mascarilla facial; si no tiene mascarilla facial, se le proporcionará una.

**\*Los sitios de acceso remoto cuentan con medidas de seguridad y protección.**

<u>Información de contacto para programar su estación de computadora de acceso remoto:</u>
Teléfono: **202-879-1900**
Correo electrónico: DCCourtsRemoteSites@dcsc.gov